IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ELIZABETH JACKSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:19-CV-315-MAB |
| | ) |
| **SCHNUCK MARKETS, INC.** and | ) |
| **AMERICAN BOTTLING COMPANY,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Elizabeth Jackson alleges that she slipped and fell on a puddle in front of a beverage refrigerator in a checkout lane at the Schnucks grocery store in Granite City, Illinois. She filed suit against Schnucks and American Bottling Company—the beverage distributor who provided the refrigerator to Schnucks—asserting in pertinent part, a negligence claim against American Bottling Company. American Bottling Company filed a motion to dismiss, arguing that Plaintiff failed to allege facts supporting a breach of a duty, and thus failed to state a claim for negligence (Doc. 92; *see also* Doc. 93). That motion is presently before the Court. For the reasons explained below, it is denied.

A motion to dismiss under Rule 12(b)(6) addresses the legal sufficiency of the plaintiff's claim for relief, not the merits of the case or whether the plaintiff will ultimately prevail. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss, the

court must construe the complaint in the light most favorable to the plaintiff, accept as true all well-pleaded facts, and draw all possible inferences in the plaintiff's favor. *E.g., Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation omitted). To survive a motion to dismiss, the plaintiff must do more than simply recite the elements of a claim in a conclusory fashion. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]he 'complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Reynolds*, 623 F.3d at 1146 (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Roberts v. City of Chicago*, 817 F.3d 561, 564–65 (7th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). The complaint need not, however, contain "detailed factual allegations." *Reynolds*, 623 F.3d at 1146 (quoting *Iqbal*, 556 U.S. at 678).

To state a claim for negligence under Illinois law, "a plaintiff must plead a duty owed by a defendant to that plaintiff, a breach of duty, and injury proximately caused by the breach of duty." *Reynolds*, 623 F.3d at 1148. Here, Plaintiff alleged that American Bottling Company distributed beverage products to Schnucks and provided a refrigerator for those beverages to be displayed in (Doc. 82). American Bottling Company admits that under those circumstances, it owes a duty of reasonable care to store customers in providing their beverages and the refrigerator (Doc. 93, p. 3).[1] American

---

[1] *See Wiebel v. Mid-Continent Bottlers, Inc.*, 388 N.E.2d 475, 478 (Ill. App. Ct. 1979) (holding beverage distributor owed store customers a duty to act with reasonable care in designing and servicing their

Bottling Company, however, argues that Plaintiff failed to sufficiently allege it breached that duty (Doc. 93). In particular, it argues that Plaintiff "simply alleges that there was liquid on the floor in front of the refrigerator in question when she encountered it and then proceeds [to] make unsupported conclusions that the defendants failed to properly install or maintain the refrigerator" (Doc. 93). Plaintiff "did not allege that the refrigerator was provided in a defective or leaking condition or that it knew at any time that the refrigerator was leaking (Doc. 93).

The Court is unconvinced by American Bottling Company's argument. The complaint explicitly alleges or clearly gives rise to the inference that the refrigerator was broken and leaking; that American Bottling Company knew about the problems with the refrigerator (or should have known in the exercise of reasonable care but failed to conduct reasonable routine inspections of the refrigerator that would have revealed the problem); and that American Bottling Company failed to repair or replace the refrigerator in a timely manner, failed to warn customers about the wet floor, and/or failed to prevent customers from walking on the wet floor. As a result of the breach of duty, liquid accumulated on the floor in front of the refrigerator and Plaintiff slipped on the liquid and fell. Plaintiff has presented enough details about the subject-matter of the case to present a plausible story and put American Bottling Company on notice of what it is accused of doing wrong. In short, Plaintiff's allegations are sufficient.

---

merchandise displays).

Accordingly, the motion to dismiss (Doc. 92) is **DENIED**. American Bottling Company shall file its answer to the Third Amended Complaint on or before July 7, 2020.

**IT IS SO ORDERED.**

**DATED: June 16, 2020**

                                              s/ Mark A. Beatty
                                              **MARK A. BEATTY**
                                              **United States Magistrate Judge**